IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>APTAR PHARMA, a Division of APTAR GROUP, INC.,<br><br>Defendant. | Adv. Proc. No. 25-50244 (KBO) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSE
TO PLAINTIFF'S COMPLAINT FOR AVOIDANCE AND RECOVERY
OF TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 & 550 AND
TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Aptar Group, Inc. (d/b/a Aptar Pharma) ("Aptar"), by its attorneys, files its answer and affirmative defense (the "Answer") in response to the Plaintiff's *Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547, 548 & 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502* (the "Complaint").[1] In support of this Answer, the Defendant respectfully represents as follows:

---

[1] Capitalized terms used but not defined herein have the meaning ascribed to such terms in the Complaint.

17441073/1

## NATURE OF ACTION

1. Answering Paragraph 1 of the Complaint, Aptar asserts that the paragraph contains conclusions of law for which no answer is required or necessary.

2. Answering Paragraph 2 of the Complaint, Aptar asserts that the paragraph contains conclusions of law for which no answer is required or necessary.

## JURISDICTION AND VENUE

3. Answering Paragraph 3 of the Complaint, Aptar asserts that the paragraph contains conclusions of law for which no answer is required or necessary.

4. Answering Paragraph 4 of the Complaint, Aptar asserts that the paragraph contains conclusions of law for which no answer is required or necessary.

5. Answering Paragraph 5 of the Complaint, Aptar asserts that the paragraph contains conclusions of law for which no answer is required or necessary.

6. Answering Paragraph 6 of the Complaint, Aptar asserts that the paragraph contains conclusions of law for which no answer is required or necessary.

7. Answering Paragraph 7 of the Complaint, Aptar asserts that the paragraph contains conclusions of law for which no answer is required or necessary.

8. Answering Paragraph 8 of the Complaint, Aptar asserts that the paragraph contains conclusions of law for which no answer is required or necessary.

## THE PARTIES

9. Answering Paragraph 9 of the Complaint, Aptar admits the allegations contained in Paragraph 9.

10. Answering Paragraph 10 of the Complaint, Aptar admits the allegations contained in Paragraph 10.

11. Answering Paragraph 11 of the Complaint, Aptar admits the allegations contained in Paragraph 11.

**BACKGROUND**

12. Answering Paragraph 12 of the Complaint, Aptar admits the allegations contained in Paragraph 12.

13. Answering Paragraph 13 of the Complaint, Aptar admits the allegations contained in Paragraph 13.

14. Answering Paragraph 14 of the Complaint, Aptar admits the allegations contained in Paragraph 14.

15. Answering Paragraph 15 of the Complaint, Aptar admits the allegations contained in Paragraph 15.

16. Answering Paragraph 16 of the Complaint, Aptar admits the allegations contained in Paragraph 16.

17. Answering Paragraph 17 of the Complaint, Aptar admits the allegations contained in Paragraph 17.

18. Answering Paragraph 18 of the Complaint, Aptar admits the allegations contained in Paragraph 18.

19. Answering Paragraph 19 of the Complaint, Aptar denies knowledge and information sufficient to permit it to admit or deny the allegations contained therein and accordingly, the allegations are denied.

20. Answering Paragraph 20 of the Complaint, Aptar denies knowledge and information sufficient to permit it to admit or deny the allegations contained therein and accordingly, the allegations are denied.

21. Answering Paragraph 21 of the Complaint, Aptar asserts that the paragraph contains conclusions of law for which no answer is required or necessary.

22. Answering Paragraph 22 of the Complaint, Aptar denies knowledge and information sufficient to permit it to admit or deny the allegations contained therein and accordingly, the allegations are denied.

23. Answering Paragraph 23 of the Complaint, Aptar denies knowledge and information sufficient to permit it to admit or deny the allegations contained therein and accordingly, the allegations are denied.

24. Answering Paragraph 24 of the Complaint, Aptar denies knowledge and information sufficient to permit it to admit or deny the allegations contained therein and accordingly, the allegations are denied.

### **COUNT I – AVOIDANCE OF PREFERENTIAL TRANSFERS (11 U.S.C. § 547)**

25. Paragraph 25 is an incorporation by reference of other paragraphs in the Complaint and accordingly, no response is required.

26. Answering Paragraph 26 of the Complaint, Aptar admits the allegations contained in Paragraph 26.

27. Answering Paragraph 27 of the Complaint, Aptar denies knowledge and information sufficient to permit it to admit or deny the allegations contained therein and accordingly, the allegations are denied.

28. Answering Paragraph 28 of the Complaint, Aptar admits the allegations contained in Paragraph 28.

29. Answering Paragraph 29 of the Complaint, Aptar admits the allegations contained in Paragraph 29.

30. Answering Paragraph 30 of the Complaint, Aptar admits the allegations contained in Paragraph 30.

31. Answering Paragraph 31 of the Complaint, Aptar denies knowledge and information sufficient to permit it to admit or deny the allegations contained therein and accordingly, the allegations are denied.

32. Answering Paragraph 32 of the Complaint, Aptar admits the allegations contained in Paragraph 32.

33. Answering Paragraph 33 of the Complaint, Aptar denies knowledge and information sufficient to permit it to admit or deny the allegations contained therein and accordingly, the allegations are denied.

34. Answering Paragraph 34 of the Complaint, Aptar denies knowledge and information sufficient to permit it to admit or deny the allegations contained therein and accordingly, the allegations are denied other than the second and third sentences of paragraph 34, which are admitted.

35. Answering Paragraph 35 of the Complaint, Aptar denies the allegations contained therein.

**COUNT II – AVOIDANCE OF FRAUDULENT TRANSFERS (11 U.S.C. §548(a)(1)(B))**

36. Paragraph 36 is an incorporation by reference of other paragraphs in the Complaint and accordingly, no response is required.

37. Answering Paragraph 37 of the Complaint, Aptar denies the allegations contained therein.

38. Answering Paragraph 38 of the Complaint, Aptar denies the allegations contained therein.

## COUNT III – RECOVERY OF PROPERTY (11 U.S.C. §550)

39. Paragraph 39 is an incorporation by reference of other paragraphs in the Complaint and accordingly, no response is required.

40. Answering Paragraph 40 of the Complaint, Aptar asserts that the paragraph contains conclusions of law for which no answer is required or necessary.

41. Answering Paragraph 41 of the Complaint, Aptar admits the allegations contained in Paragraph 41.

42. Answering Paragraph 42 of the Complaint, Aptar asserts that the paragraph contains conclusions of law for which no answer is required or necessary.

## COUNT IV – DISALLOWANCE OF CLAIMS (11 U.S.C. §502)

43. Paragraph 43 is an incorporation by reference of other paragraphs in the Complaint and accordingly, no response is required.

44. Answering Paragraph 44 of the Complaint, Aptar asserts that the paragraph contains conclusions of law for which no answer is required or necessary.

45. Answering Paragraph 45 of the Complaint, Aptar admits the allegations contained in Paragraph 45.

46. Answering Paragraph 46 of the Complaint, Aptar asserts that the paragraph contains conclusions of law for which no answer is required or necessary.

## AFFIRMATIVE DEFENSE

47. Aptar affirmatively alleges that any funds asserted to be preferential transfers were in payment of a debt incurred by the Debtor in the ordinary course of the business between the Debtor and Aptar, and were made according to ordinary business terms, all pursuant to 11 U.S.C. § 547(c)(2).

**WHEREFORE**, Aptar respectfully requests that the Plaintiff's *Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547, 548 & 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502* be dismissed upon its merits and with costs to Aptar and such other relief as the Court deems just and equitable.

Dated: July 18, 2025  **MORRIS JAMES LLP**
Wilmington, Delaware

*/s/ Tara C. Pakrouh*
Eric J. Monzo (DE Bar No. 5214)
Tara C. Pakrouh (DE Bar No. 6192)
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
Telephone: (302) 888-6800
E-mail: emonzo@morrisjames.com
            tpakrouh@morrisjames.com

-and-

Ryan Fink, Esq.
**SIDLEY AUSTIN LLP**
1 South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
E-mail: ryan.fink@sidley.com

*Counsel to Aptar Group, Inc.*