**EXHIBIT B**

**Siegfried Settlement Agreement**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This settlement agreement and mutual release ("Settlement Agreement") is made and entered into by and between: (i) George L. Miller, not individually, but solely in his capacity as chapter 7 trustee ("Trustee") for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC (collectively, the "Debtors") and (ii) Siegfried USA, LLC ("Defendant"). Hereinafter, the Trustee and Defendant are each referred to as a "Party" or collectively as the "Parties."

WHEREAS, on February 23, 2023, each of the Debtors filed a voluntary petition for relief under chapter 7, title 11 of the United States Code, 11 U.S.C. §§ 101–1532 as amended, (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), pending cases that are jointly administered under bankruptcy case number 23-10253 (KBO) (the "Chapter 7 Cases");

WHEREAS, on February 12, 2025, a complaint styled *George L. Miller v. Siegfried USA, Inc.* (the "Complaint") was filed in the Bankruptcy Court thereby commencing Adversary Case No. 25-50204 (KBO) (the "Adversary Proceeding");

WHEREAS, in the Adversary Proceeding, the Trustee, on behalf of the Debtors' estates, asserted certain claims against Defendant for (i) the return of payments received by the Defendant pursuant to sections 547, 548 and 550 of the Bankruptcy Code and (ii) the disallowance of any claim that Defendant has filed or asserted against the Debtors in the Chapter 7 Cases pursuant to sections 502(d) and (j) of the Bankruptcy Code;

WHEREAS, in the Adversary Proceeding, the Trustee demanded the return of $527,100.00 from Defendant (the "Claims");

WHEREAS, on July 21, 2025, Defendant filed its answer denying the material allegations of the Complaint and asserting affirmative defenses to the Claims; and

WHEREAS, following good faith, arms' length negotiations, the Parties desire to resolve the Claims on the terms set forth herein, to avoid the cost and uncertainty of litigation.

## AGREEMENT

**NOW THEREFORE,** for good and valuable consideration, the sufficiency of which the Parties acknowledge, the Parties stipulate and agree that:

1. **Recitals.** All the foregoing recitals are incorporated into this Settlement Agreement as if fully set forth herein.

2. **Court Approval.** This Settlement Agreement, and the obligations of the Parties to perform hereunder, shall become effective only upon entry of a final and non-appealable order of the Bankruptcy Court approving the Settlement Agreement (the "Approval Order"). Upon execution of the Settlement Agreement and delivery of a settlement payment equal to $65,000.00 (as defined below), the Trustee shall, through his counsel, promptly file an appropriate motion seeking entry of the Approval Order.

54473222

Docusign Envelope ID: EC4CBB57-9932-45E8-A2C8-F1FEB3EBA0F3
Case 25-50244-KBO   Doc 13-3   Filed 09/26/25   Page 3 of 6

3. **Settlement Payment.** Defendant shall pay a total sum of sixty-five thousand dollars ($65,000.00) (the "Settlement Payment") to the Trustee by company check, bank check, or cashier's check made payable to "George L. Miller, Trustee of Akorn Holding Company LLC, et al." and sent to the attention of George L. Miller, Chapter 7 Trustee, c/o Miller Coffey Tate LLP, 1628 John F. Kennedy Blvd., Suite 950, Philadelphia, PA 19103, or by wire transfer (wire instructions to be sent separately upon request). The Trustee shall hold the Settlement Payment in escrow pending entry of the Approval Order.

4. **Waiver of 502(h) Claim.** As part of the Settlement Agreement, the Defendant waives its right(s) under Section 502(h) of the Bankruptcy Code to file a proof of claim (or to modify an existing proof of claim) for the Settlement Payment in the Chapter 7 Cases. Any existing claim in the Chapter 7 Cases ("Existing Claims") shall remain unaffected by this settlement and shall not be allowed, disallowed, modified, or otherwise affected as a result, and the Trustee retains his right (unaffected by this settlement) to object to the allowance of any Existing Claims as late filed or otherwise.

5. **Dismissal of Adversary Proceeding.** Within ten (10) business days of receipt of the entry of the Approval Order, the Trustee will dismiss the Adversary Proceeding with prejudice, subject to the terms of this Settlement Agreement, and without costs other than as set forth herein.

6. **No Admission of Liability.** The Parties each acknowledge that the settlement of the Claims constitutes a resolution of the Parties' disputes regarding the Claims, and that nothing contained in the Settlement Agreement is a concession or admission of any liability or wrongdoing by either Party.

7. **Trustee's Release.** Effective immediately upon the entry of the Approval Order, the Trustee on behalf of the Debtors and the Debtors' estates shall release and forever discharge Defendant and all of its representatives, agents and professionals, and their respective successors and assigns, of and from any and all manners of action, causes of action, suits, debts, accounts, covenants, contracts, controversies, agreements, variances, damages, judgments, claims, demands, duties and obligations of any nature whatsoever, whether present or future, whether known or unknown, whether suspected or unsuspected, whether liquidated or unliquidated, whether matured or unmatured, which the Trustee, the Debtors, or the Debtors' estates, now have, or can, shall or may have at any time against Defendant in connection with the Chapter 7 Cases. This provision does not release Defendant from its obligations under this Settlement Agreement, nor shall it affect Trustee's right to object to any Existing Claims.

8. **Defendant's Release.** Effective immediately upon the entry of the Approval Order, Defendant, on behalf of itself and its successors and assigns, shall forever release and discharge (i) the Trustee and all of his representatives, agents and professionals, and their respective successors and assigns and (ii) the Debtors and the Debtors' estates, of and from any and all manner of actions, causes of action, suits, debts, accounts, covenants, contracts, controversies, agreements, variances, damages, judgments, claims, demands, duties and obligations of any nature whatsoever, whether present or future, whether known or unknown, whether suspected or unsuspected, whether liquidated or unliquidated, whether matured or unmatured, which Defendant, now has, or can, shall or may have at any time against the Trustee,

54473222

the Debtors, or the Debtors' estates in connection with the Chapter 7 Cases. This provision does not release the Trustee from his obligations under this Settlement Agreement, nor shall it affect Defendant's rights or remedies with respect to the Existing Claims.

9. **Null and Void.** In the event that the Trustee is required to return part or all of the Settlement Payment to Defendant or to any representative, agent, fiduciary, or creditor of Defendant in connection with a future bankruptcy, state insolvency proceeding concerning Defendant or for any other reason whatsoever: (a) the Trustee's releases and waivers of Defendant will be null and void and without any legal effect, and all purportedly waived claims will be reinstated; (b) the full amount of the Settlement Payment shall be immediately due and owing to the Trustee; (c) the Trustee may pursue remedy by payment of the full amount of the Settlement Payment, together with interest thereon calculated at the judgment rate from the date of the execution of this Settlement Agreement, through any means permitted by applicable law, and attorneys' fees and costs against the Defendant; and (d) Defendant expressly reserves all rights, remedies, claims, and defenses against the Debtors' estates in connection with any such future bankruptcy or state insolvency proceeding.

10. **No Assignment of Claim.** The Trustee represents and warrants that he has made no assignment of his rights under the Adversary Proceeding, and hereafter will make no assignment, of any claim, cause of action, right of action, or any other right released pursuant to the terms of this Settlement Agreement.

11. **Confidentiality.** The Parties agree that the negotiations leading to this Settlement Agreement have been and remain confidential. The Parties shall not disclose any statement made during negotiations except as may be necessary to obtain the Bankruptcy Court's approval of this Settlement Agreement, to prepare financial statements or tax returns, or to comply with applicable law or by valid order of a court of competent jurisdiction, including as may be required to comply with a Party's obligation to report transactions to appropriate governmental, taxing, or registering agencies. If any Party or its representatives, directors, officers, shareholders, attorneys, insurers, employees, agents, subsidiaries, parents and related entities, predecessors, successors, or assigns receives an inquiry from the press or otherwise about this Settlement Agreement, such person shall respond that *"the matter has been resolved."*

12. **Fees and Costs.** Except as provided in this Settlement Agreement, the Parties shall each be responsible for their own attorneys' fees and costs arising from the Adversary Proceeding, including those associated with negotiation, preparation, and implementation of this Settlement Agreement.

13. **Terms and Conditions.** The Parties have each read the Settlement Agreement in its entirety and represent and warrant (a) that the Settlement Agreement, including each term and provision, as memorialized herein, has been explained to them by their legal counsel and (b) that each understands all of the terms, obligations, releases, and other provisions of the Settlement Agreement.

14. **Authority.** The Parties each represent and warrant that they are duly authorized to execute this Settlement Agreement and that each intends to be legally bound by all provisions of this Settlement Agreement; provided, however, that the Trustee's authorization is subject to

3

54473222

Bankruptcy Court approval, and this Settlement Agreement shall become effective upon the Approval Order becoming effective.

15. **Execution.** This Settlement Agreement may be executed in one or more counterparts, including by PDF or facsimile, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

16. **Entire Agreement.** This Settlement Agreement is a fully integrated agreement and constitutes the entire agreement and understanding between the Parties regarding the subject matter hereof. Each Party acknowledges that this Settlement Agreement controls over the Parties' prior discussions and negotiations.

17. **Modification.** Except as expressly set forth herein, this Settlement Agreement may not be amended except by a writing signed by all Parties.

18. **Conversion.** The Approval Order shall survive conversion of the Chapter 7 Cases to any other Chapter of the Bankruptcy Code.

19. **Jurisdiction.** The Parties acknowledge and agree that the Bankruptcy Court shall have jurisdiction over the Parties and the subject matter hereof to resolve all disputes arising from or related to the Claims and this Settlement Agreement.

20. **Choice of Law.** This Settlement Agreement shall be governed by the laws of the State of Delaware and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule or regulation that would result in the application of any other state's law.

21. **Construction.** Each party represents and warrants that it has had an opportunity to fully review the provisions of this Settlement Agreement, as a result, the Parties hereto acknowledge and agree that (a) any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Settlement Agreement; and (b) each party signing this Settlement Agreement is entering into this Settlement Agreement knowingly, voluntarily, and of his, her or its free will.

*[Signatures on the following page]*

WHEREFORE, the Parties execute this Settlement Agreement this 4TH day of September, 2025.

**GEORGE L. MILLER, CHAPTER 7 TRUSTEE**

By: _____
George L. Miller
*Not individually but solely in his capacity as Chapter 7 trustee for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC*

**SIEGFRIED USA, LLC**

By: _____Frank Robertson_____   _____Timothy P Harrigan_____
          BAC1FCB6359B459...                           7EC40F9A364B4E9...

*Authorized Representative*

5

54473222